**Reginald Wayne GREEN**

v.

**The STATE of Texas.**

**No. 01–05–01122–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 16, 2007.

Rehearing Overruled April 7, 2008.

Discretionary Review Refused
Oct. 1, 2008.

Angela L. Cameron, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Bridget Holloway, Assistant District Attorney–Harris County, Houston, TX, for State.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

**OPINION**

SHERRY RADACK, Chief Justice.

Appellant, Reginald Wayne Green, was charged with, and entered a plea of nolo contendere for the offense of robbery by threats. We determine whether (1) the trial court abused its discretion in not conducting a hearing on appellant's pro se new trial motion, and (2) appellant was

denied the assistance of counsel during the time for filing and presenting a motion for new trial. We affirm.

## FACTS

On October 20, 2005, appellant, while represented by appointed trial counsel, entered a plea of "no contest" to the charge of robbery by threats and was sentenced to twenty-five (25) years' confinement, per a plea agreement recommendation. Eleven days later, on October 31, 2005, appellant filed a pro se motion entitled "Original Motion of Appeal" alleging ineffective representation of trial counsel. Specifically, appellant claimed that "his Counsel of record should not have let the defendant enter a plea unless defendant was evaluated no more than a week pryor [sic] to entering a plea agreement," and that appellant's "meds" were not working properly at the time he entered his plea. The initial certification of appeal reflects appellant did not have permission to appeal at that time, but was amended January 25, 2006, to reflect that the court later granted its permission to appellant to appeal.

Appellant also filed two other pro se documents. On November 4, and December 1, 2005, respectively, an "Appeal Brief" and "Motion to Suppress Evidence" were filed by appellant. On December 1, 2005, forty-two days after appellant was sentenced, the trial court appointed appellate counsel. At appellate counsel's request, the trial court agreed to consider appellant's pro se "Original Motion of Appeal" as a motion for new trial. However, the trial court denied counsel's request for a hearing on the motion and also overruled the motion.

Also relevant to the issues before this Court are the results of a competency and sanity evaluation ordered by the trial court prior to appellant's punishment hearing, the results of which found appellant to be both competent and sane. The trial court also took judicial notice of the fact that it ordered the evaluations, and the reports of "those documents in the Court's file." Appellant also signed admonishments that he was mentally competent and that he understood the nature of the charge against him. He also noted his total satisfaction with trial counsel, acknowledging further that he had "received effective and competent representation."

## Hearing on Motion for New Trial

In his first issue on appeal, appellant contends the trial court erred in denying his motion for new trial without first granting him a hearing because his motion raised issues not determinable from the record.

### Standard of Review

When reviewing on appeal a trial court's denial of a hearing on a motion for new trial, the proper standard of review is abuse of discretion. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex.Crim.App.2003) (citing *Martinez v. State*, 74 S.W.3d 19, 22 (Tex.Crim.App.2002) (examining whether court of appeals departed from established standard for determining sufficiency of appellant's affidavit supporting motion for new trial)); *McIntire v. State*, 698 S.W.2d 652, 660 (Tex.Crim.App.1985) (en banc) (holding discretion abused in failing to provide a hearing). We review the trial court's denial of a hearing on a motion for new trial by examining "whether the court acted without reference to any guiding rules and principles." *Bruno v. State*, 916 S.W.2d 4, 6 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd).

### Was Motion Technically Sufficient to Obtain a Hearing?

We first consider whether appellant's motion was technically sufficient to entitle him to a hearing. The technical, statutori-

ly imposed requirements for a motion for new trial to be considered on the merits by the presiding trial court require that the motion be: (1) timely filed, (2) properly presented, and (3) adequately verified, or that a sworn affidavit (by an inmate) is provided in lieu of verification. *See* TEX. R.APP. P. 21.4, 21.6; TEX. CIV. PRAC. & REM.CODE ANN. §§ 132.001–.003 (Vernon 2005); *Owens v. State*, 763 S.W.2d 489, 491 (Tex.App.-Dallas 1988, pet. ref'd).

*Timely filed?*

A motion for new trial must be filed within thirty days of the imposition of the sentence. TEX.R.APP. P. 21.4. Appellant filed his initial pro so motion on October 31, 2005, eleven days following the date of his sentencing on October 21, 2005. Appellant has met the applicable time requirement for filing new trial motions.

*Presented?*

 It is not enough for the motion to be timely filed; it must also be properly presented to the trial court. Merely filing the motion is insufficient to reach this second requirement. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993). The Rules of Appellate Procedure require the defendant to present his motion for new trial to the court "within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court." TEX.R.APP. P. 21.6. However, when a trial court rules on a motion for new trial within the seventy-five day period, that ruling satisfies the requirement that the motion be "presented within ten days of filing or the trial court permitted it to be presented after the ten days but within the 75 day period." *Musgrove v. State*, 960 S.W.2d 74, 76 n. 2 (Tex.Crim. App.1998) (noting that trial court's overruling of motion could be for untimely pres-

entment, but that court assumes it is "for reasons other than its late filing").

In this instance, it is not clear from the record whether appellant timely met the initial 10–day presentment requirement. The court did make a handwritten notation, dated November 17, 2006, on appellant's "Original Motion of Appeal" indicating that a pauper's oath needs to be "put on [the] dkt [docket]," suggesting the court was at least put on some form of notice. Regardless, the trial court ruled on appellant's motion and the hearing request on December 5, 2005, which occurred forty-six (46) days following the imposition of sentencing. On this basis, appellant properly presented his motion by way of the trial court's ruling within the seventy-five (75) day period. *See id.*

*Verified?*

A supporting affidavit or verification is also a prerequisite to be met for a new trial motion to meet the technical requirements for obtaining an evidentiary hearing. Rule of Appellate Procedure 10.2 states that "a motion must be supported by affidavit or other satisfactory evidence" when it depends on certain "types of facts" such as those "not in the record." TEX. R.APP. P. 10.2; *see also Redmond v. State*, 30 S.W.3d 692, 699–700 (Tex.App.-Beaumont 2000, pet. ref'd) (citing several cases, including *Jordan v. State*, 883 S.W.2d 664 (Tex.Crim.App.1994), to refute appellant's contention that rules do not require motion to be supported by an affidavit, as incorrect, and in fact has "existed throughout the various incarnations of the governing precept."). Further, an inmate may use an unsworn declaration, as allowed by Chapter 132 of the Civil Practices & Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 132.001–.003; *see also Owens*, 763 S.W.2d at 490–91.

In this case, appellant filed a sworn affidavit in support of his motion. Such an

affidavit "must be (1) in writing and (2) subscribed by the person making the declaration as true under penalty of perjury" and, must be substantially in the form as set out in section 132.003. TEX. CIV. PRAC. & REM. & CODE ANN. § 132.002–.003.

■ The State contends that appellant has not substantially complied with section 132.003, arguing that, because the appellant "includes the phrase 'to the best of my knowledge,' " he has not attested to the truthfulness of the facts. Therefore, the State argues that appellant's "qualified" sworn statement is not effective as a verification or affidavit. However, in *Ex Parte Johnson*, the Court of Criminal Appeals held that an "unsworn declaration . . . 'that all allegations and statements in the foregoing Writ of Habeas Corpus are true and correct to the best of my knowledge' " substantially complied with the form required by section 132.003. 811 S.W.2d 93, 97 (Tex.Crim.App.1991). Under the reasoning of *Johnson*, appellant's affidavit substantially complies with section 132.003, even though it includes the surplus language "to the best of my knowledge."

Having determined that appellant's motion for new trial was technically sufficient to entitle him to a hearing, we turn now to the whether it was substantively sufficient to entitle him to a hearing.

### Was Motion Substantively Sufficient to Obtain a Hearing?

■ When a motion for new trial presents matters that are not determinable from the record, the trial court abuses its discretion in declining to hold an evidentiary hearing. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993). A defendant, however, does not have an absolute right to a hearing on a motion for new trial. *Id.* at 815. The motion for new trial must be supported by an affidavit specifically showing the truth of the grounds alleged as a basis for a new trial.

*Id.* at 816. Affidavits that are conclusory in nature and unsupported by facts are insufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim.App.1993).

■ In *Buerger v. State*, the court explained that "affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist." 60 S.W.3d 358, 362 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (citing *Jordan*, 883 S.W.2d at 665). The facts of *Buerger* are very similar to the present case. In that case, Buerger offered only his own sworn affidavit, stating that he did not receive medication that he regularly took, which "prevented [him] from being fully alert and oriented" during the proceedings. 60 S.W.3d at 362–63. The court found his affidavit to be conclusory because Buerger "did not allege what medication he needed; why it was needed or how its absence affected his competency during the hearing." *Id.* at 363.

The facts here are likewise conclusory. Appellant states that "his meds" were not working and his counsel was aware of this and "ignored" him. However, appellant never explained how the absence of medication affected his state of mind, much less how long he was not taking medication, or how the lack of, or improper dosage of, his medicine affected his mental state between the time of his sanity and competency evaluations and his plea hearing. Similarly, appellant's affidavit conclusorily states that he was "ignored" by counsel, but does not demonstrate how the alleged conduct of trial counsel was deficient or how appellant was harmed. Because appellant's affidavit is conclusory, he has not established specific grounds that would "entitle" him to a new trial. *Id.* We hold, therefore, that

appellant has not shown that the trial court erred in refusing to conduct a hearing on his motion for new trial.

Accordingly, we overrule point of error one.

## Lack of Counsel During Time for Filing New Trial Motion

■ In his second point of error, appellant argues that he was denied the assistance of counsel during the time for filing a motion for new trial. Specifically, appellant argues that "had Appellant been effectively represented and not abandoned by trial counsel during the crucial time frame for filing a motion for new trial, counsel could have amended the motion and remedied any legal deficiencies this Court may hold are present in the pro se motion." Additionally, appellant argues that had appellate counsel been appointed during the period for filing a motion for new trial, "counsel could have filed an amended motion to comply with all the technical requirements necessary to entitle Appellant to a hearing on the motion for new trial."

■ Our appellate review of this issue begins with the presumption that trial counsel continued to effectively represent the appellant during the 30–day window for filing a motion for new trial. *Oldham v. State*, 977 S.W.2d 354, 361 (Tex.Crim. App.1998); *see Ward v. State*, 740 S.W.2d 794, 798 (Tex.Crim.App.1987); *Benson v. State*, 224 S.W.3d 485, 491 (Tex.App.-Houston [1st Dist.] 2007, no pet) (en banc). However, the presumption that trial counsel continued to represent the appellant may be rebutted. *Oldham*, 977 S.W.2d at 363; *Benson*, 224 S.W.3d at 491.

■ If an appellant rebuts the presumption by showing that he was not adequately represented during the period for filing a motion for new trial, then the remedy is to abate the proceedings and restart the appellate timetable. *See Ward*, 740 S.W.2d at 800; *Benson*, 224 S.W.3d at 491. The burden to produce evidence to rebut the presumption is on the appellant. *See Oldham*, 977 S.W.2d at 363; *Benson*, 224 S.W.3d at 491.

■ To defeat the presumption, an appellant must show more than that (1) appellant filed a pro se notice of appeal; (2) the appellate attorney was "to be determined"; (3) the trial court appointed appellate counsel after the expiration of the time for filing a motion for new trial; (4) on appeal, appellant would have raised further complaints had a motion for new trial been filed; (5) appellant appeared without counsel when signing a pauper's oath and requesting appellate counsel; and (6) the record shows no activity by trial counsel or any motion to withdraw from the case. *Oldham*, 977 S.W.2d at 362–63; *see also Smith v. State*, 17 S.W.3d 660, 662–63 (Tex.Crim.App.2000) (holding facts that Smith filed pro se notice of appeal, that trial court appointed appellate counsel after expiration of window for filing motion for new trial, that Smith was brought to court without counsel when he signed pauper's oath to receive appointed appellate counsel, and that Smith complained about ineffective assistance of counsel that he claims he would have developed at motion for new trial hearing, were insufficient to rebut presumption that trial counsel continued to represent appellant during window for filing motion for new trial).

Appellant, relying on *Prudhomme v. State*, 28 S.W.3d 114, 120 (Tex.App.-Texarkana 2000, no pet.), contends that by filing a pro se "Original Motion of Appeal," and accompanying "Appeal Brief" in which he requested a new trial, he has rebutted the presumption that he was represented at a critical stage of the proceedings.

In *Prudhomme*, the defendant, though arguably still represented by trial counsel, filed a pro se "Motion to Withdraw Plea," notice of appeal, and motion to substitute trial counsel for appellate counsel. *Id.* at 120. The court of appeals recognized that Prudhomme's "Motion to Withdraw" was, according to *State v. Evans*, 843 S.W.2d 576 (Tex.Crim.App.1992), a motion for new trial, which effectively rebutted the presumption that the defendant was not interested in pursuing a motion for new trial. *Id.* The court further concluded that Prudhomme was harmed by trial counsel's abandonment because Prudhomme's pro se motion, which "asserted a facially plausible claim that his guilty plea was involuntary on the basis that trial counsel told him he would get a probated sentence," was never presented and a hearing on the motion was never requested. *Id.* at 120–21.

We, however, disagree with the *Prudhomme* court's holding that a pro se motion for new trial effectively rebuts the presumption that trial counsel continued to effectively represent appellant during the window for filing a motion for new trial. This Court explored the issue of postconviction, pro se motions in *Burnett v. State*, 959 S.W.2d 652, 659 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). In *Burnett*, the defendant filed a pro se notice of appeal on the 28th day after sentencing, in which he stated that trial counsel had advised him that he needed to write a letter to appeal the length of his sentence. *Id.* at 659. The defendant's mother filed a statement accompanying the notice of appeal, in which she stated that she and the defendant "had not had much cooperation from trial counsel." *Id.* This Court held that these facts did not establish that the defendant had been deprived of counsel. *Id.* In so holding the Court noted, "The filing of pro se matters does not establish deprivation of counsel, because the practice is commonplace when defendants are repre-sented by counsel." *Id.* The Court further held that the record on appeal was insufficient to rebut the presumption that trial counsel continued to represent the defendant. *Id.* The Court addressed the insufficiencies in the record as follows:

> What little record we do have shows that trial counsel advised appellant regarding filing notice of appeal. We do not know when this was done. For all we know, trial counsel told appellant about a panoply of appellate rights, rules, odds of success, and left it up to appellant to contact counsel if appellant wanted to appeal. Then, after 28 days went by, appellant for some reason decided he wanted to appeal so he got his mother to file notice in the court of appeals without consulting trial counsel.

*Id.*

As we stated in *Burnett*, the filing of "pro se matters"—whether it be a motion for new trial or a notice of appeal—does not, in and of itself, rebut the presumption that trial counsel acted in accordance with his continuing duty to represent his client. A pro se filing, without more, raises the issue of hybrid representation, not a lack of representation. Thus, to the extent that *Prudhomme* holds that a pro se motion for new trial is sufficient to rebut the presumption that trial counsel continued to fulfill his duty to represent his client, we decline to follow it.

We find no meaningful way to distinguish this case from *Smith v. State*, 17 S.W.3d at 661–62. In *Smith*, the defendant filed a pro se notice of appeal, in which he claimed that "his attorney did not tell him of the need for character witnesses and maintained that he had witnesses who would have been available to testify on his behalf." *Id.* at 661. After the time for filing a new trial had passed, the trial court appointed appellate counsel.

*Id.* The court of criminal appeals held that appellant's pro se notice of appeal alleging ineffective assistance of counsel, coupled with the fact that he appeared without counsel at his indigency hearing did not overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial. *Id.* at 663. The court noted that "there was nothing in the record to suggest that appellant was not counseled by his attorney regarding the merits of a motion for new trial." *Id.*

This case presents the same factual scenario as that in *Smith.* Appellant filed an "Original Motion for Appeal," like the pro se notice of appeal in *Smith.* And, as in *Smith,* appellant's "Original Motion for Appeal" alleged that trial counsel was ineffective. As in *Smith,* the trial court appointed appellate counsel after the time for filing a motion for new trial had passed. The only difference between this case and *Smith* is that, upon request by appellate counsel, the trial court agreed to consider appellant's "Original Motion for Appeal" to be a motion for new trial, which the court then denied without a hearing. However, we cannot see how this action by the trial court compels a different result from that in *Smith.* Nothing in the record compels the conclusion that appellant was abandoned by trial counsel.

Similarly, in *Benson,* the defendant filed a pro se notice of appeal nine days after sentencing, in which he stated that he had not been represented by counsel since sentencing and requested appointment of appellate counsel. 224 S.W.3d at 489. This Court held that there was nothing in the record to show "that trial counsel failed to advise [the defendant] of his right to file a motion for new trial, to appeal from the trial court's judgment or the necessity of giving notice of appeal, or refused to take such actions after discussing them with

[the defendant]." *Id.* at 497. As in *Benson,* there is nothing in this record to show that trial counsel did not advise appellant of his post-conviction rights, or that counsel refused to take any action requested by appellant. Although appellant may develop a record to support an ineffectiveness claim in a habeas corpus proceeding, he has failed here to overcome the presumption that he was adequately represented by trial counsel during the time period of a motion for new trial.

Accordingly, following the holdings in *Smith* and *Benson,* we conclude that appellant has failed to overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial.

Accordingly, we overrule point of error two.

We affirm the judgment.