Affirmed and Memorandum Opinion filed May 12, 2009








Affirmed and Memorandum Opinion filed May 12, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00139-CR

_______________

 

LEON JUNIOR LOVE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 1115772

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Appellant,
Leon Junior Love, was charged with intoxication assault.  He pleaded guilty
without a recommendation on punishment and requested preparation of a
pre-sentencing investigation report.  After a hearing, the trial court
sentenced appellant to ten years= confinement.  In his sole issue,
appellant contends the trial court abused its discretion when it Adenied@ his motion for new trial.  Because
all dispositive issues are settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.








Appellant
timely filed a motion for new trial, contending he received ineffective
assistance of counsel because his attorney prevented him from accepting a plea
offered by the State of six years= confinement.  The trial court did
not rule on the motion for new trial; thus, it was overruled by operation of
law seventy-five days after imposition of sentence.  See Tex. R. App. P.
21.8(a), (c).  Before the motion was overruled by operation of law, the trial
court signed an order, opining that a factual dispute existed on the
circumstance of a plea offer and requiring appellant=s trial counsel to file an affidavit
in response to the motion.  Counsel filed an affidavit after the motion was
overruled by operation of law.  Therefore, we ordered counsel=s affidavit stricken from the
record.  Thus, appellant suggests his own contentions were effectively
uncontroverted and the trial court abused its discretion by allowing the motion
for new trial to be overruled by operation of law.  








However,
appellant=s motion was insufficient to obtain a hearing or support grant of a new
trial even though his counsel did not timely file a controverting affidavit. 
When the grounds for a new trial are outside the record, the motion must be
supported by the defendant=s own affidavit or the affidavit of someone with knowledge of
the facts.  Klapesky v. State, 256 S.W.3d 442, 454 (Tex. App.CAustin 2008, pet. ref=d) (citing Reyes v. State, 849
S.W.2d 812, 816 (Tex. Crim. App. 1993);  McIntire v. State, 698 S.W.2d
652, 658 (Tex. Crim. App. 1985) (op. on reh=g); Bearden v. State, 648
S.W.2d 688, 690 (Tex. Crim. App. 1983); Mallet v. State, 9 S.W.3d 856,
865 (Tex. App.CFort Worth 2000, no pet.)).  A motion for new trial alleging facts
outside the record filed without supporting affidavit is not a proper pleading
and is fatally defective.  Id. at 454.  Further, an inmate may use an
unsworn declaration, as allowed by Chapter 132 of the Civil Practices &
Remedies Code, in lieu of an affidavit.  See Tex. Civ. Prac. & Rem.
Code Ann. '' 132.001B.002 (Vernon 2005) (providing, Aan unsworn declaration . . . by an
inmate in the Texas Department of Corrections or in a county jail may be used
in lieu of a written sworn declaration, verification, certification, oath, or
affidavit required by statute or required by a rule . . .@ if it is Ain writing@ and Asubscribed by the person making the
declaration as true under penalty of perjury@); Green v. State, 264 S.W.3d
63, 67 (Tex. App.CHouston [1st Dist.] 2007, pet. ref=d) (stating that supporting
affidavit, verification, or unsworn declaration complying with Chapter 132 is
prerequisite for criminal defendant to obtain evidentiary hearing on motion for
new trial alleging matters not in the record).  

Appellant=s motion for new trial was not
supported by affidavit, verification, or unsworn declaration complying with
Chapter 132.  When appellant previously filed a notice of appeal, he attached a
several-page document, outlining the reasons his counsel was allegedly
ineffective.  Appellant attached one page of this document to his motion for
new trial.  However, this page was not in the form of an affidavit,
verification, or unsworn declaration.  Accordingly, the trial court did not
abuse its discretion  by allowing the motion for new trial to be overruled by
operation of law.

We
overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

/s/        Charles
W. Seymore

Justice

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).