Affirmed and Majority and Concurring Opinions filed July 7, 2009








Affirmed and Majority and Concurring Opinions filed
July 7, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00717-CR

_______________

 

ARRESTER JOE SMALLWOOD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 217th District Court

Angelina County, Texas

Trial Court Cause No. 27,658

                                                                                                                                               


 

M A J O R I T Y  O P I N I O N

 

Without
a recommendation, appellant pleaded guilty to aggravated robbery.  The court
found appellant guilty and assessed punishment at ten years= confinement.  In two issues
appellant contends (1) the trial court erred in not, sua sponte, conducting an
informal inquiry into appellant=s competence and (2) appellant was denied his right to
counsel at a critical stage of the proceedings, i.e., the time period to file a
motion for new trial.  For reasons outlined below, we affirm the trial court=s judgment.








I.  Background

The
State charged appellant with aggravated robbery.  On October 24, 2007, the trial
court appointed John Reeves to represent appellant and Ato continue to represent [appellant]
until the case is concluded, including appeal, if any, or until released by
written order of this court.@

On April
22, 2008, appellant pleaded guilty.  At the plea hearing, the following
interchanges occurred:

THE COURT: Are you competent and of sound mind?

[Appellant]: No, sir.

THE COURT: You=re not?

[Appellant]: (Moving head side to side).

THE COURT: So are you insane?

(Sotto voce discussion at defense table)

[Appellant]: Oh, no, sir.

THE COURT: Okay.  Are you competent?

[Appellant]: No, sir.

THE COURT: You=re not.  Do you know what Acompetent@
means?

[Appellant]: No, sir.

[Defense Counsel]: He was special ed and he graduated, but he doesn=t understand the big words.

THE COURT: Okay.  Are you crazy?

[Appellant]: No, sir.

THE COURT:  You know what Ainsane@ means?  It means you=re crazy  B

[Appellant]: Yes, sir.

THE COURT:  B or you got a mental disorder.  Do you have anything
like that?

[Appellant]: Yeah, I got a mental disorder, but I=m not like just crazy, crazy.








THE COURT: What=s your mental disorder, Mr. Smallwood?

[Appellant]: Slow-learning.

THE COURT: Okay.  Aside from being just kind of slow-learning, do you
understand why you=re here?

[Appellant]: Yes, sir.

THE COURT: Do you know what the charge is against you?

[Appellant]: Yes, sir.

. . .

THE COURT: Other than having special education in school, have you ever
been told you needed any special treatment or medical care for your condition?

[Appellant]: No, sir.

THE COURT: All right.  Do you understand what I=m saying to you, then?

[Appellant]: Yes, sir.

THE COURT: At the time of this charge against you, on October 12th of
2007, Mr. Smallwood, on that occasion did you know what you were doing?

[Appellant]: Somewhat, yes, sir.

THE COURT:  Okay.  What=s the
limitation when you say Asomewhat@? 
What do you mean?

[Appellant]: Well, I have problems, like, being stressed out.  I just B it=s so much I can
take and everything.  Just . . . Once I get so stressed out and think, I just
blank out.

THE COURT: Okay.  Well, you weren=t
under the influence of anything?

[Appellant]: No, sir.

THE COURT: Okay.  Counsel, any concerns about his competency to go
forward with this today?

[Defense Counsel]: No, Your Honor.  We=ve had several discussions and we=ve
also spoken with investigators in this case and we have agreed to testify
truthfully, if called upon to do so, in regards to the codefendant.

 








After
this interaction, defense counsel assured the court there was no basis for
involuntariness or insanity at the time of the charge.  The court then heard
appellant=s plea of guilty, and appellant told the court that what was stated in
the indictment constituted his conduct.  Appellant also indicated he understood
he was pleading without a recommendation.  Although appellant did indicate he
hoped he would receive probation, he stated he was pleading guilty Abecause I did what I did.@  He further affirmed that no one was
making him plead guilty and he was doing so of his own free will.  Finally,
appellant affirmed he understood the rights he was forfeiting by pleading
guilty.

The
court accepted appellant=s plea, but delayed a finding of guilt until an adjudication
and sentencing hearing.  On June 4, 2008, after taking judicial notice of the
presentence investigation report and hearing defense witnesses the previous
day, the court found appellant guilty, found a deadly weapon was used in the
offense, and sentenced appellant to ten years= confinement.[1]

On June
26, 2008, appellant sent a letter to the court.  He wrote that his attorney had
Aessentially terminated [their]
relationship@ after the sentencing.  He also indicated he would like to file a motion
for Ashock probation or T.D.C. boot camp
and probation,@ but was being denied access to the law library.

On July
7, 2008, appointed counsel, John Reeves, filed a notice of appeal and a motion
to withdraw.  In the latter, Reeves stated he had spoken with appellant by
telephone on July 3, 2008.  Appellant told Reeves appellant wanted a different
sentence, wanted to Amake a new deal in exchange for his testimony against [the]
co-defendant,@ and asked about a retrial and appeal.  Appellant also informed counsel
he had talked to another attorney about his sentence and options.  On July 10,
2008, the trial court granted the motion to withdraw and appointed new counsel
for the appeal.








II.  Discussion

A.  Hearing on
Appellant=s Competency

In issue
one, appellant contends Athe trial court erred in failing to make a suggestion of
incompetency on its own motion and failing to conduct an informal hearing into
competence.@  We review a trial court=s decision not to conduct an informal competency inquiry
under an abuse of discretion standard.  Moore v. State, 999 S.W.2d 385,
393 (Tex. Crim. App. 1999).  Courts presume a defendant is
competent to stand trial and shall find him competent to stand trial unless a
preponderance of the evidence proves him to be incompetent.  Tex. Code Crim.
Proc. Ann. art. 46B.003(b) (Vernon 2006).

A defendant is incompetent to stand trial if he lacks (1)
sufficient present ability to consult with his lawyer with a reasonable degree
of rational understanding or (2) a rational, as well as factual, understanding
of the proceedings against him.  Id. art. 46B.003(a).  Either party may
suggest by motion, or the trial court may suggest on its own motion, that the
defendant may be incompetent to stand trial.  Id. art. 46B.004(a).  If
evidence suggesting the defendant may be incompetent to stand trial comes to
the attention of the trial court, the court on its own motion shall suggest
that the defendant may be incompetent to stand trial.  Id. art.
46B.004(b).  On such suggestion, the court shall determine by informal inquiry
whether there is some evidence from any source to support a finding the
defendant may be incompetent to stand trial.  Id. art. 46B.004(c).








The
trial court, however, is not required to conduct a competency inquiry unless
the evidence suffices to create a bona fide doubt in the mind of the trial
court about whether the defendant is legally competent.  McDaniel v. State,
98 S.W.3d 704, 710 (Tex. Crim. App. 2003).  Evidence usually suffices to create
a bona fide doubt about competency if the evidence shows Arecent severe mental illness, at
least moderate mental retardation, or truly bizarre acts by the defendant.@  Id.   Evidence capable of
creating a bona fide doubt about a defendant=s competency may come from the trial
court=s own observations, known facts,
evidence presented, motions, affidavits, or any other claim or credible
source.  LaHood v. State, 171 S.W.3d 613, 618 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).

The only
evidence that would have suggested incompetency to the court at the plea
hearing was appellant=s response of Ano@ to the court=s question of whether appellant was
competent.  The naked assertion, AI am incompetent,@ is not sufficient without supporting
evidence to require an inquiry by the court.  McDaniel, 98 S.W.3d at
711.

Nevertheless,
as set forth in the background section above, after appellant told the court he
was not competent, the trial court conducted an informal inquiry into appellant=s competence.  Appellant stated he
was Aslow learning.@  Appellant confirmed that, other
than taking special education classes, he had never been told he needed special
treatment or medical care for his condition.[2] 
Appellant stated that he understood the charge against him.  Appellant=s counsel stated he had no concerns
about appellant=s competency to go forward with the plea hearing.  Except for
lesser inquiry into communication between appellant and counsel, appellant=s case compares favorably to Gray
v. State, in which the Texarkana court of appeals held the record of the
plea hearing showed the trial court conducted an adequate informal inquiry into
the learning-disabled defendant=s competency.  See 257 S.W.3d 825, 828 (Tex. App.CTexarkana 2008, pet. ref=d).[3]








Assuming,
without deciding, the evidence before the trial court warranted an inquiry into
appellant=s competency, we conclude the trial court=s inquiry supports the conclusion
that appellant had the present ability to consult with his lawyer with a
reasonable degree of understanding and had a rational, as well as factual,
understanding of the proceedings against him.[4] 
Accordingly, we overrule appellant=s first issue.

B.  Assistance of Counsel at a
Critical Stage

In issue
two, appellant contends he was denied his right to counsel at a critical stage
of the proceedings, specifically the period during which he could have filed a
motion for new trial.  A criminal defendant must file a motion for new trial no
later than thirty days after the trial court Aimposes or
suspends sentence in open court.@ Tex. R. App. P.
21.4(a).  This thirty-day period is a critical stage of a criminal proceeding, during which a defendant has
a constitutional right to counsel. Cooks v. State, 240 S.W.3d 906, 908 (Tex. Crim.
App. 2007).

To prevail on a claim of deprivation of counsel, a
defendant must affirmatively show he was not represented by counsel during this
period. See Oldham
v. State, 977 S.W.2d 354,
363 (Tex. Crim. App. 1998). There is a rebuttable presumption a defendant=s trial counsel continued to represent the defendant adequately
during this critical stage.  Cooks, 240 S.W.3d at 911.  If a defendant
rebuts the presumption with evidence he was deprived of adequate counsel during
this stage, the deprivation of counsel is subject to a harm analysis.  Id.








The rebuttable presumption of adequate representation
arises, in part, because appointed counsel remains as the defendant=s counsel for all
purposes until expressly permitted to withdraw, even if the appointment is for
trial only.   Nguyen
v. State, 222 S.W.3d
537, 540 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  As this court explained in Nguyen:

When a
motion for new trial is not filed, courts apply a rebuttable presumption that
the attorney discussed the merits of the motion for new trial with the
appellant, and the appellant rejected it.  The Court of Criminal Appeals
indicated that appropriate rebuttal evidence would show that Atrial counsel thought that his duties were completed
with the end of trial, and had thereafter abandoned the appellant.@  Under Oldham and its progeny, an appellant=s statement that he has not been represented since
sentencing is not enough to rebut the presumption of effective assistance. 
Appellant must also show that counsel did not confer with him regarding the
merits of filing of a motion for new trial.

 

Id. (citations omitted).

The
record in the present case shows the following:

$                  
on October 24,
2007, the trial court appointed John Reeves to represent appellant and Ato continue to represent [appellant]
until the case is concluded, including appeal, if any, or until released by
written order of this court@;

$                  
on June 4, 2008,
the trial court sentenced appellant;

$                  
on June 12, 2008,
Reeves filed an attorney fee voucher, in which Reeves showed services rendered
from October 14, 2007, until June 4, 2008, and checked the AFinal Payment@ box;

$                  
on June 26, 2008,
appellant wrote to the court, indicating he would like to file a motion for Ashock probation or T.D.C. boot camp
and probation@ and asserting Reeves had Aessentially terminated [their]
relationship@ after the sentencing;








$                  
on July 3, 2008,
Reeves spoke with appellant by telephone, at which time appellant told Reeves
he wanted a different sentence, wanted to Amake a new deal in exchange for his
testimony against [the] co-defendant,@ asked about a retrial and appeal,
and informed Reeves he had talked to another attorney about his sentence and
options;

$                  
on July 7, 2008,
thirty days after sentencing, Reeves, filed a notice of appeal and a motion to
withdraw; and

$                  
on July 10, 2008,
the trial court granted Reeves=s motion to withdraw and appointed new counsel for the
appeal.

Appellant
relies primarily on his June 26, 2008 letter to rebut the presumption of trial
counsel=s continued adequate representation. 
In addition, he points to Reeves=s fee voucher claiming payment for
work ending June 4, 2008, and to the late timing of Reeve=s telephone conversation with
appellant.  Comparing this case with cases in which the court of criminal
appeals has concluded a defendant did not rebut the presumption of adequate
representation, we conclude appellant has not done so here.  See Smith v. State, 17 S.W.3d 660, 662B63 (Tex. Crim.
App. 2000) (holding following facts insufficient to rebut presumption: 
appellant filed pro se notice of appeal and indigency; letter of assignment
from trial court to appellate court stated attorney of record on appeal was Ato be determined@; and appellant appeared without counsel
when signing pauper=s oath and requesting new counsel); Oldham, 977 S.W.2d at 362B63 (holding following facts
insufficient to rebut presumption:  appellant filed pro se notice of appeal and
indigency; and letter of assignment from trial court to appellate court stated
attorney of record on appeal was Ato be determined@).








Appellant,
however, analogizes his case to Prudhomme v. State, 28 S.W.3d 114 (Tex.
App.CTexarkana 2000, order), disp. on
merits, 47 S.W.3d 683 (Tex. App.CTexarkana 2001, pet. ref=d).  In Prudhomme, the
Texarkana court concluded a defendant was deprived of  his right to counsel in
the thirty days in which he could file a motion for new trial and the denial
was not harmless.  Id. at 120.  The Prudhomme court concluded the
following facts rebutted the presumption of adequate representation during the
thirty-day period:  filing of a pro se motion for new trial, in which Prudhomme
complained about  ineffective assistance of his trial counsel; failure to
request a hearing; lack of presentment; filing of a pro se notice of appeal;
and filing of a pro se motion to substitute trial counsel for an unnamed
appellate counsel.  Id.

The
First Court of Appeals has declined to follow Prudhomme.  See Green
v. State, 264 S.W.3d 63, 70 (Tex. App.CHouston [1st Dist.] 2008, pet. ref=d) (AWe . . . disagree with the Prudhomme
court=s holding that a pro se motion for
new trial effectively rebuts the presumption that trial counsel continued to
effectively represent appellant during the window for filing a motion for new
trial.@).  The court of criminal appeals has
distinguished Prudhomme because of its apparent suggestion Athat prejudice should be presumed
when a defendant is without counsel during the entire 30‑day period for
filing motion.@  Cooks, 240 S.W.3d at 911.  We decline to follow Prudhomme
here.[5]

In
short, appellant has not rebutted the presumption of adequate representation
during the thirty-day period in which to file a motion for new trial. 
Accordingly, we overrule his second issue.








III.  Conclusion

Having
overruled appellant=s two issues, we affirm the judgment of the trial court.

 

/s/        Charles W. Seymore

Justice

 

 

Panel consists of Justices Seymore,
Brown, and Sullivan (Sullivan, J., concurring).

Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  The Honorable Judge Paul E. White presided at the
plea hearing; the Honorable Barry Bryan, at the adjudication/sentencing
hearing.





[2]  Appellant complains that the trial court did not
inquire sufficiently about appellant=s Ajust blanking out.@ 
When appellant made this comment, he had already indicated he had not been told
he needed special treatment or medical care for his condition.  After appellant
made the statement, the court inquired whether appellant was Aunder the influence of anything@ when he committed the offense.  Appellant responded
he was not.





[3]  Sentencing is part of the trial, and a defendant
must therefore also be mentally competent at sentencing.  See Casey v. State,
924 S.W.2d 946, 948B49 (Tex. Crim. App. 1996).  To support his contention
he was incompetent, appellant points to evidence from the sentencing hearing,
specifically that he had never before committed an adult offense and had been
influenced by a stronger personality to commit the present offense.  Appellant,
however, does not argue the sentencing court should have inquired further into
the matter of appellant=s competency to be sentenced.  Instead, he contends
the plea hearing colloquy did not constitute a sufficient informal inquiry into
competence.





[4]  Our holding should not be construed as approval of
the trial court=s entire colloquy with the defendant.  Some of the
trial court=s questions were not relevant or properly focused on
the criteria prescribed under Texas Code of Criminal Procedure article 46B.003(a).





[5]  We previously declined to follow Prudhomme in
Hardge v. State, No. 14-00-01095-CR, 2001 WL 1340546, at *2 n.5 (Tex.
App.CHouston [14th Dist.] Nov. 1, 2001, pet. ref=d) (not designated for publication).  In contrast, the
Tyler court of appeals, from which this case was transferred, followed Prudhomme
in Hole v. State, No. 12-06-00207-CR, 2007 WL 1868997, at *5 (Tex. App.CTexarkana, June 29, 2007, pet. dism=d) (not designated for publication).  As unpublished
cases, neither are precedential. See Tex. R. App. P. 41.3 (regarding
precedent in transferred cases), 47.7(a) (stating criminal case opinions not
designated for publication have no precedential value).