Opinion issued October 29, 2009












 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01038-CR






PETER SILVA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1094950






M E M O R A N D U M O P I N I O N

 Appellant, Peter Silva, pled guilty in December 2006 to assault of a peace
officer, (1) and the trial court originally assessed punishment at five years' deferred
adjudication. In April 2007, the State alleged that appellant did not comply with the
terms of his deferred adjudication and moved to adjudicate guilt. After adjudicating
appellant guilty, the trial court assessed punishment at four years' imprisonment. In
three points of error, appellant contends that the trial court: (1) denied him the
assistance of counsel because appellant did not receive appointed appellate counsel
until almost seven months after he filed a pro se motion for appeal; (2) violated his
constitutional right to be free from cruel and unusual punishment by imposing four
years' imprisonment; and (3) violated his due process rights and abused its discretion
by refusing to reinstate his deferred adjudication.

 We affirm.

Background


 On November 21, 2006, appellant was indicted for the felony offense of
assaulting a peace officer. Appellant had no prior felony convictions. On December
5, 2006, appellant, represented by counsel, entered into a plea agreement and received
five years' deferred adjudication. The terms of the deferred adjudication contained
twenty conditions, including the requirement that appellant report to a probation
officer monthly. On April 25, 2007, the State filed a motion to adjudicate guilt,
claiming that appellant had failed to meet with his probation officer and, therefore,
appellant had failed to adhere to the terms of his deferred adjudication. 

 Appellant stipulated to the fact that he did not report to his probation officer
and entered a plea of true to that allegation in the State's motion to adjudicate guilt.
The trial court held a hearing on October 30, 2007 and adjudicated appellant guilty
without an agreed recommendation as to punishment. Trial counsel represented
appellant at the hearing. Appellant waived his opportunity to have the hearing
transcribed by a court reporter. The trial court imposed four years' imprisonment on
appellant. The same day, the trial court advised appellant of his right to appeal in a
document entitled "Advice of Defendant's Right to Appeal," which appellant signed. 
On November 13, 2007, appellant timely filed a pro se notice of appeal which
concluded with a request for appointment of appellate counsel. Appellant's pro se
motion read, "Appellant, an indigent . . . NOT BEING REPRESENTED BY
COUNSEL SINCE SENTENCING also prays for the APPOINTMENT OF
APPELLATE COUNSEL." (Emphasis in original.) Appellant did not file a motion
for a new trial. 

 The County Clerk sent the trial court notice of the appeal on December 4, 2007. 
Appellant received appointed appellate counsel on May 29, 2008. After the
appointment of counsel, appellant sent his appointed appellate counsel two letters
discussing his case and expressing his desire to appeal. (2) The trial court held a hearing
on June 19, 2008 in which appellate counsel represented appellant. The hearing
concerned appellant's desire to appeal and his indigency.

Discussion

A. Denial of Assistance of Counsel

 In his first point of error, appellant alleges that, because the trial court did not
appoint appellate counsel to him until nearly seven months after he had filed his
notice of appeal, the trial court "deprived [him] of the opportunity to have the
assistance of appellate counsel to file and pursue an evidentiary hearing for a new
trial . . . [which must be] filed no later than thirty days after sentencing."

 An appellant must file a motion for a new trial within thirty days after the
imposition of his sentence. Tex. R. App. P. 21.4(a). Appellant asserts that the
window for filing a motion for new trial is a "critical stage" of the proceedings. 
Appellant argues that he did not file a motion for a new trial, but had he received
effective appellate counsel he would have made such a motion. We understand
appellant's argument to be that he was not effectively represented during the post-trial
period for filing a motion for a new trial.

 The Sixth Amendment to the United States Constitution provides defendants
with a right to the effective assistance of counsel during all critical stages of a trial
and appeal. U.S. Const. amend VI; see also Tex. Const. art. I, § 10; Trevino v. State,
565 S.W.2d 938, 940 (Tex. Crim. App. 1978) (explaining that "appointment of
counsel for an indigent is required at every stage of a criminal proceeding where
substantial rights of a criminal accused may be affected . . . .") (citing Mempa v.
Rhay, 389 U.S. 128, 134, 88 S. Ct. 254, 257 (1967)). When counsel represents a
defendant at trial, counsel's responsibilities to that defendant do not end with the
conclusion of the trial. Oldham v. State, 977 S.W.2d 354, 362 (Tex. Crim. App.
1998). Indeed, a rebuttable presumption exists that trial counsel continues to
adequately represent the defendant during the critical thirty day window in which a
defendant may file his notice of appeal. Cooks v. State, 240 S.W.3d 906, 911 (Tex.
Crim. App. 2007) (citing Oldham, 977 S.W.2d at 360-63). An appellant must present
the appellate court with evidence to rebut the presumption that he was adequately
represented in the thirty-day window. Green v. State, 264 S.W.3d 63, 69 (Tex.
App.--Houston [1st Dist.] 2007, pet. ref'd). Should the appellant rebut the
presumption, the appeal will be abated and the appellate timetable will be restarted.
Id.

 When evaluating whether an appellant satisfied the rebuttable presumption that
trial counsel continued to represent him after trial, the Court of Criminal Appeals has
looked to factors such as: (1) whether the appellant pointed the court to any such
evidence; (2) whether the court found any evidence to support his contention; and (3)
whether trial counsel's actions indicate that he abandoned the appellant. Oldham,
977 S.W.2d at 362-63. 

 In Benson v. State, this Court evaluated circumstances nearly identical to those
presented by appellant. 224 S.W.3d 485, 496-97 (Tex. App.--Houston [1st Dist.]
2007, no pet.) (en banc). Although Benson filed a pro se notice of appeal after he
was sentenced, his trial counsel had not withdrawn from the case. Id. Benson did not
assert that his trial counsel failed to consult with him regarding the meaning and
effect of the judgment, and he did not assert that his trial counsel failed to consider
or discuss a motion for a new trial or possible grounds for appeal. Id. We determined
that Benson failed to rebut the presumption that he was effectively represented by
counsel during the thirty-day period to file his motion for a new trial. Id. at 498. 

 In Green, this Court again considered circumstances analogous to those 
presented here. This Court wrote, "As in Benson, there is nothing in this record to
show that trial counsel did not advise appellant of his post-conviction rights, or that
counsel refused to take any action requested by appellant." Green, 264 S.W.3d at 71. 


We explained:

To defeat the presumption [that appellant was adequately
represented during the thirty day period for asking for a new
trial], an appellant must show more than that (1) appellant filed
a pro se notice of appeal; (2) the appellate attorney was "to be
determined"; (3) the trial court appointed appellate counsel after
the expiration of the time for filing a motion for new trial; (4) on
appeal, appellant would have raised further complaints had a
motion for new trial been filed; (5) appellant appeared without
counsel when signing a pauper's oath and requesting appellate
counsel; and (6) the record shows no activity by trial counsel or
any motion to withdraw from the case.


Id. at 69 (citing Oldham, 977 S.W.2d at 362-63).


 Because we presume continued effective representation, appellant was required
to produce some evidence that his trial counsel terminated his representation of him
or became ineffective. Cooks, 240 S.W.3d at 911. Appellant did not direct us to such
evidence, nor did our review of the appellate record uncover such evidence. Nothing
in the appellate record suggests that appellant's trial counsel failed to provide
appellant guidance on appellate issues or refused to take some action requested by
appellant. (3) Indeed, the record suggests that appellant was aware of the opportunity
to ask for a new trial and that this opportunity would expire. Evidence of this
awareness comes from appellant's pro se notice of appeal. Specifically, appellant's
notice of appeal reads, "Now comes, the Defendant and pursuant to the provisions of
[Texas Rules of Appellate. Procedure] 25.2 and within thirty days (30) of sentence
having been imposed . . . or within 90 days of sentencing if a motion for new trial has
been timely filed . . . ." This statement evinces appellant's awareness of the deadlines
both for filing a notice of appeal and for filing a motion for new trial.

 Appellant contends that the fact that he filed his motion for appeal pro se is
evidence of abandonment by his trial attorney. Appellant cites to Ex parte Axel to
support this proposition. See Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App.
1988). However, the Texas Court of Criminal Appeals, ten years after Ex parte Axel,
held that an appellant's filing of his own pro se notice of appeal does not "rebut the
presumption that the appellant was represented by [his trial] counsel and that counsel
acted effectively." Oldham, 977 S.W.2d at 363; see also Green, 264 S.W.3d at 69
(listing other acts that do not rebut presumption of representation). Moreover, this
Court has held that "the filing of the notice of appeal is evidence that the appellant
was informed of at least some of his appellate rights." Benson, 224 S.W.3d at 497
(citing Oldham, 977 S.W.2d at 363). Therefore, we conclude that appellant has failed
to rebut the presumption that he was adequately represented during the post-trial
period for filing a motion for a new trial. See Cooks, 240 S.W.3d at 911; Oldham,
977 S.W.2d at 360-63.

 We overrule appellant's first point of error.

B. Cruel and Unusual Punishment and Appellant's Due Process Rights

 In his second point of error, appellant alleges that the imposition of four years'
imprisonment for assaulting a peace officer, his first felony, constitutes cruel and
unusual punishment. In his third point of error, appellant contends that, in imposing
this penalty, the trial court violated his due process rights under both the United
States and Texas Constitutions. The State contends that appellant did not preserve
these points of error.

 Because appellant waived the court reporter in the hearing adjudicating him
guilty, there is no reporter's record of the October 30, 2007 proceeding. Nor is there
any request, objection, or motion in the clerk's record complaining of the violation
of these rights that would preserve them for appellate review. Tex. R. App. P.
33.1(a); Alexander v. State, 137 S.W.3d 127, 130-31 (Tex. App.--Houston [1st
Dist.] 2004, pet. ref'd). Even constitutional errors may be waived if not preserved.
Harris v. State, 125 S.W.3d 45, 48 (Tex. App.--Austin 2003, pet. dism'd) (citing
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000)). Therefore, we do not
consider these issues.

 We overrule appellant's second and third points of error.

Conclusion

 We affirm the judgment of the trial court.






 Evelyn V. Keyes

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 36.06 (Vernon 2008).
2. Appellant dated the letters June 5 and June 6 of 2008. The portions of the letters
discussing appellant's case were redacted.
3. The Reporter's Record for the abatement hearing contains copies of two letters mailed
by appellant to his appointed appellate attorney. These letters indicate only that
appellant wished to appeal his adjudication of guilt. The letters originally contained
more information, but his counsel redacted that other information.