

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00415-CR

**LORETTA J. MESERVE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 36,293**

## MEMORANDUM OPINION

Loretta J. Meserve pled guilty to the felony offense of theft in the amount of $1,500 or more but less than $20,000. TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West Supp. 2012). The trial court deferred a finding of guilt and placed Meserve on community supervision for five years. Two years later, on the State's application to proceed to a final adjudication, Meserve was adjudicated guilty and sentenced on September 26, 2012 to two years in a state jail facility. Although Meserve was represented by appointed counsel at her initial plea hearing, she represented herself at

the later adjudication hearing. Because the trial court did not abuse its discretion in failing to have a hearing on Meserve's motions for new trial and because Meserve failed to preserve an issue for our review, the trial court's judgment is affirmed.

In her first issue, Meserve complains that the trial court abused its discretion in failing to conduct a hearing on her two motions for new trial which alleged issues about Meserve's competency at the time of her adjudication of guilt. Acting as her own attorney, Meserve filed one motion for new trial, and later, her appointed attorney on appeal filed another motion for new trial.

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The trial court's decision will not be reversed unless it is so clearly wrong as to lie outside the zone of reasonable disagreement. *Id*. The right to a hearing on a motion for new trial, however, is not absolute. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). A trial court is required to hold a hearing when the motion and accompanying affidavits (1) raise a matter which is not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

We first consider whether Meserve's motions for new trial were sufficient to entitle her to a hearing. To proceed to a hearing, a motion for new trial must meet all of the prerequisites for a prima facie showing of new trial grounds. *Jabari v. State*, 273

S.W.3d 745, 758 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Green v. State*, 264 S.W.3d 63, 67 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Texas Rule of Appellate Procedure 21 requires that a motion be: (1) timely filed, (2) properly presented, and (3) adequately verified, or that a sworn affidavit (by an inmate) be provided in lieu of verification. *See* TEX. R. APP. P. 21.4, 21.6; TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West Supp. 2012); *Jabari*, 273 S.W.3d at 758; *Green*, 264 S.W.3d at 67.

Meserve was sentenced on September 26, 2012. Thus, any motion for new trial or amended motion for new trial was due no later than 30 days after the date the trial court imposed the sentence in open court. TEX. R. APP. P. 21.4. Meserve's pro se motion for new trial was filed on October 17, 2012. Thus, it was timely filed. Counsel's motion, however, was not filed until November 1, 2012, more than 30 days after Meserve was sentenced. Accordingly, counsel's motion was untimely, and the trial court did not abuse its discretion in failing to conduct a hearing on that motion.

As to the next requirement, nothing in the record indicates that Meserve presented her pro se motion for new trial to the trial court. Merely filing the motion is insufficient to meet the presentment requirement. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); *Green v. State*, 264 S.W.3d 63, 67 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Other documents in the clerk's record indicate by stamp that the document was "Received by District Judge." Meserve's pro se motion has no such stamp on it or other indication that the trial court was presented with the motion.

Further, Meserve's pro se motion was not verified or sworn to as required.

Accordingly, because Meserve did not comply with all of the requirements of a motion for new trial, the trial court did not abuse its discretion in failing to conduct a hearing on her pro se motion.

Meserve's first issue is overruled.

Meserve next argues that the trial court abused its discretion in assessing the maximum punishment without the benefit of a punishment hearing following the adjudication of guilt. After the trial court finds the defendant guilty during a hearing on a petition to proceed to adjudication, the defendant is entitled to a separate punishment hearing if not afforded an opportunity to present evidence in mitigation of guilt during adjudication. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). To preserve a complaint that the trial court erred in failing to hold a separate punishment hearing, the defendant must timely object or file a motion for new trial if not afforded the opportunity to object. *Vidaurri v. State*, 49 S.W.3d 880, 885-86 (Tex. Crim. App. 2001); *Hardeman*, 1 S.W.3d at 690.

After adjudicating guilt, the trial judge asked Meserve whether there was any reason why her sentence should not be pronounced. Meserve replied, "no." At that point, Meserve was given an opportunity to object and to present evidence, but she did

neither.  As a result, she failed to preserve this issue for our review.  *See* TEX. R. APP. P. 33.1; *Hardeman*, 1 S.W.3d at 690.  Meserve's second issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 24, 2013
Do not publish
[CR25]