

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00749-CR

Gabriel James **FUENTES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR5272W
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

After the trial court granted the State's motion to revoke Gabriel James Fuentes's community supervision, Fuentes was sentenced to confinement for fifteen months and fined $1,500. On appeal, Fuentes argues he was denied counsel at a critical stage of the proceedings— the period when he could have filed a motion for new trial. Because there is no evidence to overcome the presumption that Fuentes was represented during that critical stage, we affirm the trial court's judgment.

## BACKGROUND

In 2015, Gabriel James Fuentes was charged with possession of a controlled substance, less than 1 gram. He pled no contest and was convicted by the court. The court sentenced Fuentes to confinement for two years in the Texas Department of Criminal Justice—State Jail Division, assessed a $1,500 fine, but suspended the sentence of confinement and placed Fuentes on community supervision for two years.

Later, the State moved to revoke Fuentes's community supervision, and Fuentes retained Rolando Garcia to represent him.[1] At the beginning of the October 26, 2017 hearing on the State's motion to revoke Fuentes's community supervision, the trial court noted on the record that "Mr. Eddie Garcia is stepping in for Roland Garcia."[2] Addressing Fuentes, the trial court asked "Any objection to that, Mr. Garcia stepping in for your attorney?" Fuentes responded "No." Fuentes pled true to violating a condition of his community supervision, and the trial court revoked his community supervision.

On October 26, 2017, the trial court sentenced Fuentes to confinement for fifteen months in the Texas Department of Criminal Justice—State Jail Division, with credit for time served, a fine of $1,500, and court costs.

On November 3, 2017, Fuentes filed a handwritten letter with the trial court stating his intent to file a notice of appeal which included the following statement:

> I was misrepresented by my counsel, specifically speaking of Edward Garcia . . . who stood in for his brother Roland Garcia the attorney I hired to represent me on said case.
>
> Edward Garcia failed to advise me of a "one-time" option that was available to me at the time of sentencing. Primarily speaking of HB 1244—an option I defin[i]tely would have p[u]rsued had I know of its existence at the time of sentencing.

[1] The record shows Rolando Garcia filed his notice of appearance as retained counsel on June 30, 2017. The record does not contain a motion to withdraw by Rolando Garcia or an order granting a withdrawal.

[2] It is undisputed that Eddie Garcia is licensed to practice law in the State of Texas, is an attorney in good standing, and is the brother of Rolando Garcia.

On November 8, 2017, Fuentes filed two more handwritten documents: a notice of appeal and a motion for appointment of appellate counsel.

By written order, the trial court appointed appellate counsel on November 13, 2017, and the appointed attorney was notified by e-mail the same day. The next day, appellate counsel requested a copy of the clerk's record. The deadline to file a motion for new trial was November 27, 2017, but no motion for new trial was filed before, on, or after that date.

On appeal, Fuentes argues he was denied his state and federal constitutional rights to counsel during a critical stage of the proceedings.

### APPLICABLE LAW

"The Sixth Amendment right to counsel 'extends to all "critical stages" of the criminal proceeding, not just the actual trial.'" *Gilley v. State*, 418 S.W.3d 114, 120 (Tex. Crim. App. 2014) (citing U.S. CONST. amend VI). Article I, section 10 of the Texas constitution also "contains a right-to-counsel provision." *Id.* at 117 (citing TEX. CONST. art. I, § 10).

The thirty-day period after the trial court imposes sentence is a time in which the defendant may file a motion for new trial. *See* TEX. R. CIV. P. 329b(a) (period to file motion for new trial); *Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989). "[T]his 30–day period of time is a 'critical stage' during which a defendant is constitutionally entitled to effective assistance of counsel in filing a motion for new trial." *Cooks v. State*, 240 S.W.3d 906, 908 (Tex. Crim. App. 2007).

"[W]here a defendant is represented by counsel during trial, a rebuttable presumption [exists] that this counsel continued to adequately represent the defendant during this critical stage," *id.* at 911, and "[t]he burden to produce evidence to rebut the presumption is on the appellant," *Green v. State*, 264 S.W.3d 63, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *accord Paige v. State*, No. 05-17-00660-CR, 2018 WL 2979848, at *4 (Tex. App.—Dallas June 14, 2018, pet.

ref'd) (mem. op., not designated for publication) ("The defendant has the burden of presenting evidence to rebut the presumption of continued representation.").

"When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected." *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). In the case where an "appellant file[s] a *pro se* notice of appeal, [that notice] is evidence that [the appellant] must have been informed of at least some of [the available] appellate rights, and [courts] presume [the appellant] was adequately counseled unless the record affirmatively displays otherwise." *Id.*

## ARGUMENTS

### A.    Fuentes's Arguments

Fuentes argues that he "was without counsel during the period in which a motion for new trial could have been brought." He contends that his request for court-appointed appellate counsel after the motion to revoke was granted rebuts the *Oldham* presumption that trial counsel continued to represent him during the critical thirty-day period. *See Oldham*, 977 S.W.2d at 363. Fuentes insists that his "*pro se* Notice of Appeal, along with Motion for Appointment of Counsel on Appeal, and the letter sent to the trial court, demonstrate that [he] was not counseled concerning his rights and the procedural vehicles available to him at that time." He reasons that this evidence overcomes the *Oldham* presumptions, and this court should remand this cause to the trial court and give him the opportunity to file a motion for new trial.

### B.    State's Arguments

The State argues that Fuentes was represented by counsel during the critical thirty-day period when he could have filed a motion for new trial. The State contends there is no evidence to rebut the presumption that Fuentes considered and rejected a motion for new trial and no evidence to show Fuentes was not adequately counseled.

**ANALYSIS**

The record shows that during the thirty-day period after the trial court granted the State's motion to revoke and sentenced Fuentes, he was initially represented by retained trial counsel and later by court-appointed appellate counsel. We consider the applicable presumptions and the evidence that may rebut those presumptions with respect to both trial and appellate counsel.

**A.      Trial Counsel Representation**

Fuentes was represented by counsel during the motion to revoke hearing, and that representation raised "a rebuttable presumption that this counsel continued to adequately represent [him]" for the thirty-day period after the State's motion to revoke was granted and Fuentes was sentenced—on October 26, 2017. *See Cooks*, 240 S.W.3d at 911. Fuentes argues that his November 3, 2017 letter to the trial court that he would file a notice of appeal, and his November 8, 2017 pro se notice of appeal and motion for court-appointed appellate counsel mailed to this court, are evidence that his trial counsel did not discuss a motion for new trial with him, but he cites no authority to support his proposition.

Fuentes's trial counsel could have discussed the merits of a motion for new trial with Fuentes before the motion to revoke was granted, when it was granted, or immediately thereafter. There is no evidence in Fuentes's documents that his trial counsel failed to counsel him or adequately represent him during that critical stage.

Like *Oldham*, "[t]here is nothing in the record to suggest that [Fuentes's trial] attorney did not discuss the merits of a motion for a new trial with [Fuentes], which [Fuentes] rejected." *See Oldham*, 977 S.W.2d at 363. Even assuming, as Fuentes argues, that he was no longer communicating effectively with his trial counsel after he was sentenced, Fuentes's argument is still not persuasive.

**B.**     **Appellate Counsel Representation**

Fuentes filed his pro se notice of appeal and motion for court-appointed appellate counsel on November 8, 2017. The trial court appointed appellate counsel on November 13, 2017, and appointed counsel requested a copy of the record the next day, November 14, 2017.[3] Appellate counsel had almost two weeks, until November 27, 2017, to timely file a motion for new trial. *Cf. Cooks*, 240 S.W.3d at 911 ("[T]here is a rebuttable presumption that appellant was adequately represented by appellate counsel during the ten days that [appellate counsel] had remaining after [counsel's] appointment to file a motion for new trial.").

Fuentes asserts that jurisdiction vested in the court of appeals when Fuentes filed the notice of appeal, and he implies he was then barred from filing a motion for new trial, but "the filing of a notice of appeal does not divest the trial court of jurisdiction to hear and rule upon an otherwise timely filed motion for new trial." *See Hall v. State*, 698 S.W.2d 150, 152 (Tex. Crim. App. 1985); *State v. Gutierrez*, 143 S.W.3d 829, 831 (Tex. App.—Corpus Christi 2004, no pet.); Tex. R. App. P. 25.2.

Fuentes has not identified any evidence to rebut *Oldham*'s presumption that when, as here, "a motion for new trial [was] not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected." *See Oldham* 977 S.W.2d at 363.

**C.**     **No Evidence to Overcome Presumptions**

During the thirty-day period after he was sentenced, Fuentes was represented by retained trial counsel and court-appointed appellate counsel. Fuentes has provided no evidence or authority to rebut the presumption that his trial counsel adequately counseled him regarding a motion for new trial and Fuentes rejected the motion. *Contra Green*, 264 S.W.3d at 69 (placing the "burden

---

[3] The clerk's record was not filed until December 20, 2017; the reporter's record was filed on January 9, 2018.

to produce evidence to rebut the presumption . . . on the appellant"). Further, Fuentes has provided no evidence to show that his court-appointed appellate counsel did not have adequate time to file a motion for new trial. *Cf. Cooks*, 240 S.W.3d at 911.

## CONCLUSION

We overrule Fuentes's issues, and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do not publish