*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-08-00656-CR

Martin Edgar **GUZMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2007-CRS-000104-D4
Honorable Mark Luitjen, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed: August 5, 2009

AFFIRMED

Martin Edgar Guzman was convicted of three counts of aggravated sexual assault of a child under the age of fourteen and two counts of sexual assault of a person under the age of seventeen. On appeal, Guzman contends he received ineffective assistance of counsel because his trial counsel withdrew during the thirty day time period for filing a motion for new trial and failed to file affidavits in support of a motion for new trial. Guzman also contends the trial court erred in

admitting evidence of extraneous bad acts because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Lastly, Guzman contends the evidence is factually insufficient to support his third count of aggravated sexual assault. We affirm the trial court's judgment.

## BACKGROUND

In 2001, Briana,[1] who was twelve years old, met Guzman, her biological father. Briana's mother subsequently married Guzman in July of 2002, and they lived together for approximately two years. On March 10, 2006, Briana submitted a written statement to the police accusing Guzman of sexually abusing her since she was twelve years old. A jury subsequently convicted Guzman of three counts of aggravated sexual assault of a child under the age of fourteen and two counts of sexual assault of a person under the age of seventeen. At trial, Guzman was represented by court-appointed trial counsel, Hugo D. Martinez. On June 27, 2008, Guzman was sentenced to three life sentences and two twenty year sentences as well as the maximum fine on each count.

On July 14, 2008, Guzman filed a pro se motion for new trial. On July 21, 2008, Guzman filed a pro se motion to set a hearing on the motion for new trial. His attorney, Martinez, prepared an amended motion for new trial on July 25, 2008, and attached his affidavit and affidavits from Guzman and Mary Jo Vela, one of the jurors in the case. The amended motion for new trial and affidavits were not filed, however, because Guzman refused to sign his affidavit.

---

[1] Briana is the pseudonym used at trial because the victim was a minor at the time of the offense and trial.

On July 31, 2008, Martinez filed a motion to withdraw from the case.[2] On August 21, 2008, the trial court denied Guzman's pro se motion for new trial. On September 9, 2008, the trial court granted Martinez's motion to withdraw and issued an order appointing an attorney for Guzman's appeal.

INEFFECTIVE ASSISTANCE OF COUNSEL

In three issues on appeal, Guzman asserts he was denied effective assistance of trial counsel as guaranteed by the United States and Texas Constitutions. Specifically, Guzman contends: (1) he was without assistance of trial counsel during a critical portion of his proceedings, i.e., the thirty day time period for filing a motion for new trial; and (2) his trial counsel failed to file affidavits in support of a motion for new trial and instead withdrew from the case.

Under both the United States and Texas Constitutions, a defendant is entitled to effective assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2008). This guarantee does not promise a defendant errorless representation, but instead offers a defendant an attorney who is reasonably likely to render effective assistance. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). In order to prove ineffective assistance of trial counsel on appeal, the appellant must show that trial counsel's assistance fell below an objective professional standard of reasonableness, and as a result, trial counsel's actions prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish prejudice,

---

[2] A copy of the amended motion for new trial that Martinez had prepared was attached to his motion to withdraw. Based on the certificate of service, it appears that Martinez intended to serve the amended motion for new trial on the assistant District Attorney, Raul Guerra, on July 25, 2008. Vela's affidavit was dated July 17, 2008, and Martinez's affidavit was dated July 25, 2008.

the appellant must prove by a preponderance of the evidence that, but for counsel's unprofessional error, there is a reasonable probability that the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In reviewing an ineffective assistance of counsel claim, we consider the totality of trial counsel's representation in light of the particular circumstances of the case and presume that trial counsel acted competently and made decisions based on a reasonable trial strategy. *See Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). In order to refute this presumption, the appellant must ensure that his allegation of ineffectiveness of trial counsel is affirmatively founded in the record. *Thompson*, 9 S.W.3d at 813. If the record does not specifically mention trial counsel's reasons for his actions and the appellant does not develop an evidentiary record through a hearing on a motion for new trial, then it is very difficult for an appellant to establish an ineffective assistance claim. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

### A.     Deprivation of Counsel During Time Period to File Motion for New Trial

Guzman first contends he was unrepresented by trial counsel throughout the entire thirty day period for filing a motion for new trial. Guzman describes the thirty day period as a period of "confusion." Guzman states he filed a pro se motion for new trial, a pro se notice of appeal, and a pro se motion for appointment of counsel during that thirty day period because he believed he was unrepresented by trial counsel. According to Guzman, after sentencing, Martinez did not meet with him until July 25, 2008 to discuss the appeals process, and the meeting left Guzman confused as to whether Martinez would represent him on appeal.

A criminal defendant may file or amend a motion for new trial within thirty days of the imposition of his sentence. TEX. R. APP. P. 21.4. This thirty day time period is deemed "a critical stage" requiring representation of counsel unless the right is waived. *See Cooks v. State*, 240 S.W.3d 906, 910-11 (Tex. Crim. App. 2007). Generally, there is a presumption that trial counsel continued to adequately represent the defendant during the period for filing a motion for new trial; however, a defendant can refute this presumption by showing he was deprived of counsel, which ultimately resulted in the lack of an opportunity to file a motion for new trial. *Id.* at 911; *Green v. State*, 264 S.W.3d 63, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

In this case, Guzman's sentence was imposed on June 27, 2008. By July 25, 2008, Martinez had prepared an amended motion for new trial, which was within the thirty day time period to file or amend a motion for new trial. *See* TEX. R. APP. P. 21.4; *see also Green*, 264 S.W.3d at 69 (explaining that appellant must show a record of no activity by trial counsel to defeat the presumption of representation). Martinez prepared an amended motion because Guzman had previously filed a pro se motion for new trial on July 14, 2008. Although the amended motion for new trial was timely prepared, Martinez did not file the amended motion because Guzman refused to sign his affidavit. Only after Guzman refused to sign the affidavit did Martinez file a motion to withdraw as counsel on July 31, 2008. Furthermore, the trial court did not grant Martinez's motion to withdraw until September 9, 2008, well after expiration of the thirty day period.

While we recognize there are some situations dealing with 'the ambiguity of representation which all too often follows a conviction,' this is not a situation where Guzman was deprived of assistance of counsel. *See Burnett v. State*, 959 S.W.2d 652, 655 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (quoting *Ward v. State*, 740 S.W.2d 794, 797 (Tex. Crim. App. 1987)). Here,

Martinez timely prepared an amended motion for new trial and only failed to file it because Guzman refused to sign the attached affidavit; Martinez did not move to withdraw until after the thirty day period had expired. These circumstances do not show Guzman was without the assistance of counsel during the time period for filing or amending a motion for new trial. *See Green*, 264 S.W.3d at 69. Moreover, in view of the record, Guzman's pro se motions are not indications of deprivation of counsel. *See id*. (stating appellant must show more than evidence of pro se motions to defeat the presumption of representation); *see also Burnett*, 959 S.W.2d at 659 ("The filing of pro se matters does not establish deprivation of counsel, because the practice is commonplace when defendants are represented by counsel."). Accordingly, Guzman's first two issues are overruled.

**B.      Failure of Trial Counsel to File Affidavits Supporting Motion for New Trial**

Guzman further contends he received ineffective assistance of counsel because Martinez failed to file the affidavits in support of the amended motion for new trial and moved to withdraw from the case. Guzman contends that despite the fact he refused to sign the affidavit Martinez prepared for his signature during their meeting, Martinez deprived him of effective representation by filing a motion to withdraw several days later without again confirming whether Guzman would be willing to sign the affidavit.

We first note that Guzman's contention closely duplicates his first two issues on appeal. As noted above, Martinez's inability to file the amended motion for new trial with attached affidavits due to Guzman's refusal to cooperate does not demonstrate ineffective assistance of counsel. *See Rodriguez v. State*, 74 S.W.3d 563, 568-69 (Tex. App.—Amarillo 2002, pet. ref'd) (stating the intentional withholding of information by a client cannot result in an ineffective assistance of counsel claim); *see also Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984) (holding counsel

effective when the defendant failed to impart sufficient information to counsel); *Hernandez v. State*, 885 S.W.2d 597, 601-602 (Tex. App.—El Paso 1994, no pet.) (stating a defendant's failure to provide his attorney with relevant information defeats a later claim of ineffective assistance of counsel based on attorney's failure to obtain the information).

Furthermore, to prevail on an ineffective assistance of counsel claim, Guzman has the burden to produce a record on appeal showing Martinez's failure to file the amended motion for new trial was due to Martinez's deficiencies. *Thompson*, 9 S.W.3d at 813. Here, the record shows Martinez did not pursue the amended motion because Guzman failed to cooperate. Even if Guzman had shown that Martinez's performance was deficient, Guzman failed to establish prejudice by demonstrating that a new trial would have been granted if the amended motion for new trial and affidavits had been filed. *See Redmond v. State*, 30 S.W.3d 692, 699 (Tex. App.—Beaumont 2000, pet. ref'd) (indicating no prejudice was shown on the record from counsel's failure to supplement motion for new trial with supporting affidavits); *Bacey v. State*, 990 S.W.2d 319, 333-34 (Tex. App.—Texarkana 1999, pet. ref'd) (stating no prejudice was shown from counsel's failure to obtain hearing on motion for new trial within seventy-five days); *Bryant v. State*, 974 S.W.2d 395, 400 (Tex. App.—San Antonio 1998, pet. ref'd) (holding appellant did not show prejudice on the record from trial counsel's failure to file a motion for new trial). Accordingly, Guzman's third issue is overruled.

## RULE 403

Guzman contends the trial court abused its discretion in admitting evidence of extraneous bad acts because their probative value was substantially outweighed by the danger of unfair prejudice. The State responds that the trial court properly admitted the evidence as same transaction

contextual evidence, and the evidence was not substantially outweighed by the danger of unfair prejudice.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). A trial court does not abuse its discretion so long as the decision to admit or exclude evidence is within the zone of reasonable disagreement and is correct under any theory of law applicable to the case. *Montgomery*, 810 S.W.2d at 391. Texas Rule of Evidence 403 allows for the exclusion of relevant evidence if that evidence's probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *see also Montgomery*, 810 S.W.2d at 389.

When conducting a Rule 403 analysis, we must consider, but are not limited to, the following factors: "(1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence." *See Shuffield*, 189 S.W.3d at 787 (citing *Montgomery*, 810 S.W.2d at 389-90); *see also Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007). "[A]lthough a trial court must still perform a balancing test to see if [the probative value of] same transaction contextual evidence . . . is substantially outweighed by its prejudicial effect, the prejudicial nature of [same transaction] contextual evidence rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal

transaction." *Swarb v. State*, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd).

The State gave Guzman notice of thirty-three extraneous bad acts it intended to introduce during its case-in-chief. Twenty-one of the acts were based on sexual acts between Guzman and Briana. The trial court ruled that "these type of activities, they are surrounding specific instances that she is testifying to, and it appears to me that they are contextual and therefore admissible." When the State began inquiring into the extraneous bad acts, Guzman objected to the evidence as more prejudicial than probative; the trial court overruled Guzman's objection after both sides questioned Briana on voir dire. Briana then testified that during the incidents Guzman would touch her stomach, vagina, buttocks, and breasts. Briana also testified Guzman would kiss her mouth and breasts as he exposed himself to her. Briana further testified Guzman would threaten her by asking her if she had a boyfriend, and would threaten to harm her, her mother, and her siblings if she told them about the sexual abuse.

Here, the probative nature of the extraneous bad acts admitted by the trial court was not substantially outweighed by the danger of unfair prejudice. The evidence was probative in describing the contextual details of the sexual episodes between Briana and Guzman. *See Swarb*, 125 S.W.3d at 681-82 (stating same transaction contextual evidence is admissible as probative when the evidence sets the stage for the jury's comprehension of the criminal offense). The evidence was needed to adequately describe the circumstances of the offenses with which Guzman was charged. *See Parent v. State*, No. 05-01-00666-CR, 2002 WL 253927, at *4 (Tex. App.—Dallas Feb. 22, 2002, pet. ref'd) (not designated for publication) (highlighting that evidence of extraneous misconduct may be "so intertwined with the charged offense that it [is] necessarily probative of the charged offense"). After

reviewing the record, we cannot conclude the probative value of Briana's testimony indicating that Guzman kissed and touched her stomach, vagina, buttocks, and breasts as well as threatened her and her family was substantially outweighed by the danger of unfair prejudice. *See id.* at *4 (holding evidence that appellant french kissed the child victim was not substantially outweighed by the danger of unfair prejudice). Accordingly, Guzman's fourth issue on appeal is overruled.

### FACTUAL SUFFICIENCY

In his last issue on appeal, Guzman asserts the evidence presented at trial is factually insufficient to support his conviction on the third count of aggravated sexual assault with a child under the age of fourteen. Specifically, Guzman contends the State failed to establish Briana was sexually abused between January 1, 2003, when she was thirteen years old, and February 4, 2003, her fourteenth birthday.

We review the factual sufficiency of the evidence by reviewing all of the evidence in a neutral light. *See Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We will only reverse if (1) the evidence is so weak that it makes the verdict clearly wrong or manifestly unjust, or (2) the verdict goes against the great weight and preponderance of the evidence. *See id.* at 414-15; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under a factual sufficiency review, the jury is the sole judge of the credibility and weight of the witnesses' testimony and may choose to believe all, some, or none of their testimony. *Westbrook v. State*, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000).

A defendant commits aggravated sexual assault of a child if he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the sexual organ of a person, and the child is a person younger than fourteen years of age at the time of the offense and is not the adult's spouse.

TEX. PEN. CODE. ANN. § 22.021 (Vernon Supp. 2008). A child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).

At trial, Briana testified that after she turned thirteen and before she turned fourteen, Guzman took her to different motels and sexually abused her up to two or three times a week. While Guzman contends parts of Briana's testimony regarding the number of incidents and her age at the time of the incidents was uncertain, it was within the province of the jury to reasonably believe the testimony that instances of sexual abuse occurred on or about January 1, 2003, when Briana was thirteen, and before her fourteenth birthday. After reviewing all the evidence in a neutral light and giving due deference to the jury, we conclude the evidence is not so weak as to make the verdict clearly wrong or manifestly unjust, nor is the verdict against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-15; *Westbrook*, 29 S.W.3d at 112; *Johnson*, 23 S.W.3d at 11. Accordingly, Guzman's last issue on appeal is overruled.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Phylis J. Speedlin, Justice

Do Not Publish